---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
amended filing

---

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    **12/15**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | Enjoy S.A. |

| | |
|---|---|
| 2. | **Debtor's unique identifier** |

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)    ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other  96.970.380-7                    . Describe identifier  Chilean taxpayer ID number        .

**For individual debtors:**

☐ Social Security number:    xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

| | | |
|---|---|---|
| 3. | **Name of foreign representative(s)** | Rodrigo C. Larrain and Esteban Rigo-Righi |

| | | |
|---|---|---|
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Reorganization Proceeding pending before the 8° Civil Court in Santiago, Chile |

| | |
|---|---|
| 5. | **Nature of the foreign proceeding** |

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

| | |
|---|---|
| 6. | **Evidence of the foreign proceeding** |

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Resolutions of Enjoy S.A. appointing the foreign representatives and
certificate from the court appointed Overseer approving such appointment

| | |
|---|---|
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** |

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

| Debtor | Enjoy S.A. | Case number *(if known)* |
|---|---|---|
| | Name | |

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Chile

**Debtor's registered office:**

Av. Presidente Riesco 5711, 15th Floor
Number      Street

_____
P.O. Box

Santiago                     7         56114
City        State/Province/Region    ZIP/Postal Code

Chile
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City        State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

Av. Presidente Riesco 5711, 15th Floor
Number      Street

_____
P.O. Box

Santiago                     7         56114
City        State/Province/Region    ZIP/Postal Code

Chile
Country

---

**10. Debtor's website** (URL)

enjoy.cl

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

   ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ☐ Partnership

   ☐ Other.  Specify: _____

☐ Individual

---

| Debtor | Enjoy S.A. | Case number (if known) |
|---|---|---|
| | Name | |

| 12. Why is venue proper in *this district?* | Check one: |
|---|---|
| | ☑ Debtor's principal place of business or principal assets in the United States are in this district. |
| | ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district: |
| | _____ |
| | ☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because: |
| | _____ |

| 13. Signature of foreign representative(s) | I request relief in accordance with chapter 15 of title 11, United States Code. |
|---|---|
| | I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct, |

✗ _____        Rodrigo C. Larrain
  Signature of foreign representative        Printed name

Executed on    06/12/2020
            MM  / DD / YYYY

✗ _____        Esteban Rigo-Righi
  Signature of foreign representative        Printed name

Executed on    06/12/2020
            MM  / DD / YYYY

| 14. Signature of attorney | ✗ _____  Date  06/12/2020 |
|---|---|
| | Signature of Attorney for foreign representative        MM / DD / YYYY |

Keith R. Martorana
Printed name
Gibson, Dunn & Crutcher LLP
Firm name
200 Park Avenue
Number        Street
New York                                    NY        10166
City                                        State    ZIP Code

(212) 351-4000                              kmartorana@gibsondunn.com
Contact phone                              Email address

4576971                                    NY
Bar number                                State

**Item 6**

**Certified Copy of Decision Commencing Foreign Proceeding
(the "Enjoy Stay Order") and English Translation**

# DIVERGENT
## LANGUAGE SOLUTIONS

STATE OF NEW YORK
      )
      )
      )
COUNTY OF NEW YORK )  ss


### **CERTIFICATION**

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Spanish into English of the attached Reorganization Order issued by Head Judge Sylvia Papa

Beletti, and dated May 5, 2020.


Edward J. Jacob
Divergent Language Solutions, LLC



State of New York

County of New York

Subscribed to and sworn before me this _11th_ day of _June_ , 20_20_ ,

by Edward J. Jacob.


Notary Public


MATTHEW C. ZELAK
NOTARY PUBLIC, State of New York
No. 01ZE6350239
Qualified in New York County
Commission Expires November 7, 2020



183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11th Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

**DESCRIPTION** : 1. [805]Reorganization Order

**COURT** : Santiago Civil Court 8

**CASE DOCKET** : C-6689-2020

**CASE CAPTION** : /ENJOY S.A.


**Santiago, May 5, 2020.**


To official notice via Virtual Judicial Office (OJV) of 4/30/20 (page 8):

To the record, official notice sent by the Insolvency and Reorganization Superintendence.


**HAVING REVIEWED and taking into consideration:**

**I.-** That **Nelson Contador Rosales**, identity document No. 6.894.210-1, **attorney**, appears, who is acting **pursuant to a power of attorney to act in court on behalf** of **Enjoy S.A., a publicly-held corporation**, Tax Identification No. 96.970.380-7, **represented by Rodrigo Larraín Kaplan**, identity document No. 10.973.139-0, **profession unknown**, **all domiciled for these purposes at Avenida Presidente Riesco N° 5.711, 15th floor, in the municipality of Las Condes**, requesting to commence insolvency reorganization proceedings for the debtor company under Articles 54 et seq. of Law 20.720.

As grounds for his request, he states that Enjoy S.A. is a Publicly-Held Corporation engaged in investment, the parent of a holding company engaged in entertainment, restaurants, hotels, and gaming casinos, incorporated by notarial instrument dated October 23, 2001 and recorded in the Securities Registry of the Financial Market Commission (CMF) under No. 1033, dated June 9, 2009; and that it is regulated and supervised by such institution.

Following a general description of the company, he states that after an expansion and investment plan, the company started on an upward



trend in its earnings at the beginning of 2019, reversing successive falls, by achieving growth in Adjusted Ebitda of 34% in the third quarter, which was at its highest recorded peak in recent years.

However, this tendency was altered as a result of the social upheaval experienced in the country beginning on October 18, 2020, with the tourism, hotel, food, and casino industries being most affected. With respect to Enjoy's business, this entailed the forced closure of operations over several days, followed by intermittent operations and a widespread decrease in customer traffic, which was reflected in losses in business earnings over the last quarter of 2019, along with the company's worsening financial situation.

The petitioner states that despite this, the Company, in light of a defined strategy to prepare for the business's high season, achieved a significant recovery in Income and Adjusted Ebitda during January and February, 2020, with growth of 20% and 28%, respectively, driven primarily by Enjoy Punta del Este. He indicates that, in his view, the Company's structural changes were appropriate, and that the Company has developed a business model with major opportunities for growth and profitability.

Notwithstanding the above, he explains that the existing complex and difficult situation was only exacerbated by the Covid-19 virus pandemic, which, as is public knowledge, has resulted in a country-wide constitutional state of catastrophe put into place beginning on March 19, 2020. A curfew has been imposed from 10:00 pm to 5:00 am, along with a ban on social gatherings and a quarantine in several of the country's municipalities to prevent the contagion and spread of Covid-19.

He notes that in Circular Notice No. 5/2020, dated March 16, 2020, the Casino Gaming Superintendence ordered the closure of all gaming casinos from March 18 to March 29. This period was extended by Circular Notice No. 13/2020, dated March 25, 2020, until epidemiological conditions allow it to be lifted, and as the health authorities so determine.



He adds that the authorities in other country where Enjoy has operations, such as Uruguay (Punta del Este) and Argentina (Mendoza), have issued similar rules, thus preventing the company from carrying out its business and from generating revenue for an as of yet indefinite period of time.

He notes that the company has established contingency measures aimed at protecting the health of Enjoy's workers and customers, and for the Company's financial sustainability in the face of this new crisis, implementing controls on costs and outflows of cash, halting investments, and renegotiating and suspending supply and services contracts, adjusting allowances and, with respect to a percentage of employees, recurring to the measures provided for under the Employment Protection Law, with the executive team continuing to work and making progress on operational, commercial, legal, and financial plans via telework.

He explains that the shareholders and creditors have been informed of the situation, but even though this has been well received and understood, it has not been possible to reach agreements that would allow the petitioner to overcome the financial situation, which in the context of the imposed shutdown is worsening week by week.

He adds that remedial measures have been requested from the Gaming Casino Superintendence, along with the other operators, which must still be considered. This delay prompted the company to cancel a shareholders' meeting for purposes of agreeing on a capital increase, as they do not have the appropriate information available with respect to the amount of capital needed.

Based on the above, with the aim of joining forces with creditors to bring about a necessary restructuring of liabilities, he is requesting the commencement of Judicial Reorganization proceedings, which will allow [the company] to structurally resolve its financial situation, and enable it to carry out its business plans and future investments.

**II.-** The petitioner's type of business is included under the company classification set forth in Article 2 (13) of Law 20.720, in order to request the insolvency reorganization proceedings



provided for under Articles 54 et seq. of the Insolvency and Reorganization Law.

**III.-** In order to formally comply with its request, the Insolvency and Reorganization Superintendence provided the certificate of appointment of overseers, received in the case record on April 30, 2020, as well as a list of its assets as provided for under Article 57 of the Law, in addition to the certificate for determination of liabilities specified under such law.

**In view of the above, the merits of the background information provided by the debtor in its submission on page 1, and pursuant to Article 57 of Law 20.720:**

**1.- Patricio Ricardo Jamarne Banduc** is appointed as Head Overseer, identity document No. 7.511.143-6, domiciled at Avenida Apoquindo 4.775, contact telephone number 224481048, email pjamarne@hyj.cl; and Enrique Marco Antonio Ortiz D'amico as Alternate Overseer, identity document No. 11.222.860-8, domiciled at Amunategui Nº 277, office 1.001, in the municipality of Santiago, contact telephone number 226980795, email enriqueortiz@tie.cl.-

**2.-** During a period of 30 business days from the notification of this order, the debtor company will have Financial Insolvency Protection, whereby:

**a)** Insolvency Liquidation Proceedings may not be filed against the Debtor, nor may summary collection proceedings, collections of any type, or surrenders in lease proceedings be pursued against it. The above will not apply to employment proceedings concerning obligations that have first preference, in this case staying only the attachment and sale of the Debtor's property, except in the case of employment proceedings of this type that the debtor has in such capacity in favor of his spouse, his relatives, or of the managers, administrators, attorneys-in-fact with general powers of administration, or other persons that may influence the management of his business.

**b)** The processing of the proceedings indicated in letter a) above, as well as the statute of limitations releasing the debtor from any debts, will be stayed.



**c)** All contracts signed by the Debtor will remain in force and their payment conditions will be maintained. Consequently, they may not be unilaterally terminated early, the performance thereof may not be accelerated, and the guarantees furnished may not be executed based on the ground that Insolvency Reorganization Proceedings were filed. Any claim by a creditor that violates this prohibition will be postponed until all of the creditors subject to the Judicial Reorganization Agreement, including insider creditors, have been paid.

**d)** If the Debtor is included in a public registry as a contractor or provider of any service, and provided that it is up to date on its contractual obligations with the respective principal, it may not be removed or disqualified from participating in tender processes, based on the filing of Insolvency Reorganization Proceedings.

**3.-** During the Financial Insolvency Protection, the Debtor:

**a)** Will be subject to monitoring by overseer Patricio Ricardo Jamarne Banduc, whose duties are contained in Article 25 of Law 20.720;

**b)** Its assets may not be encumbered or transferred or sold, except where such transfer or sale is inherent to its business or is strictly necessary for the normal course of its business to proceed, and Article 74 will apply with respect to other property or assets, and;

**c)** Legal entities may not amend their articles of incorporation, corporate bylaws, or representation structure.

**4.-** The Financial Insolvency Protection expires 30 business days following notification of this order.

**5.-** The Debtor, through the Overseer, will publish its draft Judicial Reorganization Agreement in the Insolvency Bulletin and will provide it to this court at least 10 business days prior to the date established for the Creditors' Meeting; otherwise the Overseer will certify this circumstance and the Liquidation Order will be issued without further proceedings.

**6.-** The Creditors' Meeting must take place at 11:00 am on the thirtieth business day following notification of this order for purposes of issuing a determination on the draft Judicial Reorganization Agreement



submitted by the Debtor. If this falls on a Saturday it will be held on the next business day at the specified time.

**7.-** Within 15 business days of notification of this order, all creditors must provide evidence to the court of their legal capacity to act in the Insolvency Reorganization Proceedings, expressly specifying the power granted to them by their principals to review, amend, and accept the Judicial Reorganization Agreement.

**8.-** The overseer must record a copy of this order in the respective Real Property Registries in the margin of the property record for each of the real properties belonging to the debtor.

**9.-** The overseer must provide his report on the draft Judicial Reorganization Agreement to the court and publish it in the Insolvency Bulletin at least three business days prior to the date established for the Creditors' Meeting that will vote on the agreement. This Overseer Report must contain a well-reasoned assessment concerning:

**a)** Whether the draft may be complied with, given the Debtor's conditions;

**b)** The likely recovery amount that would apply to each creditor in their respective categories in the event of Insolvency Liquidation Proceedings, and

**c)** Whether the draft determination of claims and their preference indicated by the Debtor is in accordance with the law.

**11.-** Within five business days of service of notice of this order, the debtor and the three senior creditors indicated in the independent accountant-auditor certification referenced under Article 55, which will address the fee proposal prepared by the Overseer, must attend a hearing at 11:00 am.

If this falls on a Saturday it will be held on the next business day at the specified time.

**12.-** The Debtor must provide the Overseer with a copy of all background information provided pursuant to Article 56, which will be published together with a copy of this order by the Overseer in the Insolvency Bulletin within three days of its issuance.



**13.-** The overseer must provide a written record of the publication in the insolvency bulletin on the same day it is carried out.

**Issued by Sylvia Papa Beletti, Head Judge.**

In **Santiago,** on **May 5, 2020,** service of the foregoing order was carried out via the daily list of court decisions.



This document contains an electronic signature and its original may be confirmed at http://verificadoc.pjud.cl or in the record of the case. As of April 5, 2020, the time shown corresponds to the winter season established in Continental Chile. Add one hour for the Magallanes and the Chilean Antarctic Regions, and for Insular Chile, Easter Island, and Salas y Gómez islands subtract two hours. For more information go to http://www.horaoficial.cl

SYLVIA JOSEFINA PAPA BELETTI
Date: 5/5/2020 13:38:32

**NOMENCLATURA**     **: 1. [805]Resolución de Reorganización**

**JUZGADO**          **: 8° Juzgado Civil de Santiago**

**CAUSA ROL**       **: C-6689-2020**

**CARATULADO**     **: /ENJOY S.A.**


**Santiago, cinco de Mayo de dos mil veinte.**


Al oficio por OJV de 30/04/20 (folio 8):

A sus autos, oficio que remite la Superintendencia de Insolvencia y Reemprendimiento.


**VISTOS y teniendo presente:**

**I.-** Que comparece **Nelson Contador Rosales**, cédula de identidad N° 6.894.210-1, **abogado**, quien actúa en **representación judicial convencional**, de **Enjoy S.A., sociedad anónima abierta**, RUT N° 96.970.380-7, **representada por Rodrigo Larraín Kaplan**, cédula de identidad N° 10.973.139-0, **se ignora profesión, todos domiciliados para estos efectos en avenida Presidente Riesco N° 5.711, piso 15, de la comuna de Las Condes**, solicitando el inicio de un procedimiento concursal de reorganización de empresa deudora en los términos de los artículos 54 y siguientes de la Ley 20.720.

Funda su solicitud señalando que Enjoy S.A. es una Sociedad Anónima Abierta dedicada a la inversión, matriz de un holding dedicado al entretenimiento, restaurantes, hoteles y casinos de juego, constituida mediante escritura pública de fecha 23 de octubre de 2001 e inscrita en el Registro de Valores, de la Comisión para el Mercado Financiero (CMF) bajo el N° 1033, con fecha 9 de junio del año 2009; y que es regulada y supervisada por la misma institución.

Previa descripción general de la compañía, señala que luego de un plan de expansión y de inversión, la compañía comenzó con una tendencia



favorable en resultados a comienzos de 2019, revirtiendo caídas sucesivas, alcanzando un crecimiento en Ebitda Ajustado de un 34% en el tercer trimestre, siendo el más alto registrado de los últimos años.

Pero, la tendencia fue alterada por el estallido social ocurrido en el país a partir del 18 de octubre de 2020, siendo la industria del turismo, hotelería, gastronomía y de casinos de las grandes afectadas. Esto, a nivel de negocios de Enjoy, conllevó al cierre forzado de operaciones durante varios días, y luego a una posterior operación intermitente y una baja generalizada en el flujo de visitas, lo que se vio reflejado en pérdidas en los resultados del negocio durante el último trimestre del año 2019, con un empeoramiento de la situación financiera de la compañía.

Detalla que a pesar de lo anterior, la peticionaria en vista de una definida estrategia para enfrentar la temporada alta del negocio, la Compañía logró una importante recuperación en los Ingresos y Ebitda Ajustado en los meses de Enero y Febrero 2020, con crecimientos de un 20% y 28% respectivamente, principalmente impulsados por Enjoy Punta del Este. Indicando a su juicio que los cambios estructurales de la Empresa han sido los correctos y que la Compañía ha desarrollado un modelo de negocio con grandes oportunidades de crecimiento y rentabilidad.

Sin perjuicio de lo anterior expone que la compleja y difícil situación existente sólo vino a agravarse con la pandemia del virus Covid-19, que como es de público conocimiento, ha llevado a que, desde el 19 de marzo 2020 y en todo el territorio de nuestro país, se ha hecho vigente un estado de excepción constitucional de catástrofe; se ha establecido un toque de queda entre las 22:00 y las 05:00 horas; la prohibición de reuniones sociales, y cuarentena en diversas comunas del país, para evitar el contagio y propagación del Covid-19.

Detalla que mediante Oficio circular Nº 5/2020, de fecha 16 de marzo de 2020, la Superintendencia de Casinos de Juego instruyó el cierre de los casinos de juego a partir del 18 de marzo y hasta el día 29 de marzo. Este plazo fue prorrogado por Oficio Circular Nº 13/2020, de fecha 25 de marzo de 2020, hasta que las condiciones epidemiológicas permitan su supresión y las autoridades sanitarias así lo determinen.



Agrega que las autoridades de otros países en que Enjoy tiene operaciones, como Uruguay (Punta del Este) y Argentina (Mendoza), han dictado normas similares, manteniendo a la compañía imposibilitada de desarrollar su negocio y generar ingresos por tiempo aún indeterminado.

Señala que la empresa ha establecido medidas de contingencia destinada a proteger la salud de los trabajadores de Enjoy y de sus clientes, y en la sustentabilidad financiera de la Compañía frente a esta nueva crisis, implementando control de gastos y egresos de caja, paralizando inversiones y renegociando y suspendiendo contratos de suministros y servicios, ajustando dotaciones y acogiéndose respecto a un porcentaje de los empleados a las medidas provistas por la Ley de Protección al Empleo, continuando el equipo ejecutivo trabajando y avanzando en planes de operación, comerciales, legales y financieros mediante teletrabajo.

Expone que la situación ha sido informada a los accionistas y acreedores, pero aun cuando existe buena recepción y entendimiento no ha sido posible alcanzar acuerdos que le permitan a la peticionaria superar la coyuntura financiera, que en un contexto de cierre decretado se agrava semana a semana.

Agrega que se ha solicitado medidas paliativas a la Superintendencia de Casinos de Juego, junto con los demás operadores, estas aún deben ser deliberadas, demora que llevó a la compañía a suspender una junta de accionistas a fin de acordar un aumento de capital, al no contar con las condiciones de que aquellos cuenten con la debida información respecto del monto de capital que se necesita.

Por lo anterior es que a fin de aunar las voluntades de los acreedores para lograr una necesaria reestructuración de los pasivos, solicita el inicio del procedimiento de Reorganización Judicial, lo que le permitirá resolver estructuralmente su situación financiera, y viabilizar el desarrollo de sus planes de negocios e inversiones a futuro.

**II.-** Que el giro de la persona solicitante  se encuentra comprendida en la clasificación de empresa establecida en el artículo 2° número 13 de la Ley 20.720, para poder solicitar el procedimiento concursal de reorganización



establecida en los artículos 54 y siguientes de la misma Ley de Insolvencia y Reemprendimiento.

**III.-** Que para dar cumplimiento formal a su solicitud la Superintendencia de Insolvencia y Reemprendimiento acompañó el certificado de nominación de veedores, recepcionado en autos con fecha 30 de abril de 2020, así como una relación de sus bienes establecida en el artículo 57 de la Ley, como asimismo, el certificado para la determinación del pasivo señalado en la misma norma legal.

**Que así las cosas el mérito de los antecedentes acompañados por el deudor en su presentación del folio 1 y en cumplimiento a lo dispuesto en el artículo 57 de la ley 20.720:**

**1.-** Se designa Veedor Titular a **Patricio Ricardo Jamarne Banduc**, cédula de identidad Nº 7.511.143-6, domiciliado en avenida Apoquindo 4.775. , teléfono de contacto 224481048, correo electrónico pjamarne@hyj.cl; y como Veedor Suplente a Enrique Marco Antonio Ortiz D'amico, cédula de identidad Nº 11.222.860-8, domiciliado en Amunategui Nº 277, oficina 1.001, de la comuna de Santiago, teléfono de contacto 226980795, correo electrónico enriqueortiz@tie.cl.-

**2.-** Que durante el plazo de treinta días hábiles contados desde la notificación de esta resolución, la empresa deudora gozará de una Protección Financiera Concursal en virtud de la cual:

**a)** No podrá declararse ni iniciarse en contra de la empresa deudora un Procedimiento Concursal de Liquidación, ni podrán iniciarse en su contra juicios ejecutivos, ejecuciones de cualquier clase o restituciones en juicios de arrendamiento. Lo anterior no se aplicará a los juicios laborales sobre obligaciones que gocen de preferencia de primera clase, suspendiéndose en este caso sólo la ejecución y realización de bienes del Deudor, salvo que se trate de juicios laborales de este tipo que el deudor tuviere en tal carácter a favor de su cónyuge, de sus parientes, o de los gerentes, administradores, apoderados con poder general de administración u otras personas que tengan injerencia en la administración de sus negocios.

**b)** Se suspenderá la tramitación de los procedimientos señalados en la letra a) precedente y los plazos de prescripción extintiva.



**c)** Todos los contratos suscritos por el Deudor mantendrán su vigencia y condiciones de pago. En consecuencia, no podrán terminarse anticipadamente en forma unilateral, exigirse anticipadamente su cumplimiento o hacerse efectivas las garantías contratadas, invocando como causal el inicio de un Procedimiento Concursal de Reorganización. El crédito del acreedor que contraviniere esta prohibición quedará pospuesto hasta que se pague a la totalidad de los acreedores a quienes les afectare el acuerdo de Reorganización Judicial, incluidos los acreedores, personas relacionadas del deudor.

**d)** Si el Deudor formare parte de algún registro público como contratista o prestador de cualquier servicio, y siempre que se encuentre al día en sus obligaciones contractuales con el respectivo mandante, no podrá ser eliminado ni se le privará de participar en procesos de licitación,  fundado en el inicio de un Procedimiento Concursal de Reorganización.

**3.-** Que durante la Protección Financiera Concursal el Deudor:

**a)** Quedará sujeto a la intervención del veedor  Patricio Ricardo Jamarne Banduc, el que tendrá los deberes contenidos en el artículo 25 de la Ley 20.720;

**b)** No podrá gravar o enajenar sus bienes, salvo aquellos cuya enajenación o venta sea propia de su giro o que resulten estrictamente necesarios para el normal desenvolvimiento de su actividad; y respecto de los demás bienes o activos, se estará a lo previsto en el artículo 74, y;

**c)** Tratándose de personas jurídicas, éstas no podrán modificar sus pactos, estatutos sociales o régimen de poderes.

**4.-** La Protección Financiera Concursal expira a los treinta días hábiles de notificada la presente resolución.

**5.-** El Deudor a través del Veedor publicará en el Boletín Concursal y acompañará a este tribunal, a lo menos diez días hábiles antes de la fecha fijada para la Junta de Acreedores, su propuesta de Acuerdo de Reorganización Judicial, de lo contrario,  el  Veedor certificará esta circunstancia y se dictará la Resolución de Liquidación, sin más trámite.

**6.-** La Junta de Acreedores deberá efectuarse a las 11:00 horas del trigésimo día hábil de notificada la presente resolución a efectos de pronunciarse sobre la propuesta de acuerdo de Reorganización Judicial que



presente el Deudor; de recaer en día sábado ésta se celebrará al día siguiente hábil a la hora señalada.

**7.-** Que dentro de quince días hábiles contados desde la notificación de esta resolución, todos los acreedores deberán acreditar ante el tribunal su personería para actuar en el Procedimiento Concursal de Reorganización, con indicación expresa de la facultad que le confieren a sus apoderados para conocer, modificar y adoptar el Acuerdo de Reorganización Judicial.

**8.-** El veedor deberá inscribir copia de esta resolución en los Conservadores de Bienes Raíces correspondientes al margen de la inscripción de propiedad de cada uno de los inmuebles que pertenecen al deudor.

**9.-** El veedor deberá acompañar al tribunal y publicar en el Boletín Concursal su informe sobre la propuesta de Acuerdo de Reorganización Judicial, a lo menos tres días hábiles antes de la fecha fijada para la celebración de la Junta de Acreedores que votará dicho acuerdo. Este Informe del Veedor deberá contener la calificación fundada acerca de:

**a)** Si la propuesta es susceptible de ser cumplida, habida consideración de las condiciones del Deudor;

**b)** El monto probable de recuperación que le correspondería a cada acreedor en sus respectivas categorías, en caso de un Procedimiento Concursal de Liquidación, y

**c)** Si la propuesta de determinación de los créditos y su preferencia indicada por el Deudor se ajustan a la ley.

**11.-** Que dentro de quinto día hábil de efectuada la notificación de esta resolución, deberán asistir a una audiencia, a las 11:00 horas, el deudor y los tres mayores acreedores indicados en la certificación del contador auditor independiente referida en el artículo 55, la que versará sobre la proposición de honorarios que formule el Veedor.

De recaer en día sábado ésta se celebrará al día siguiente hábil a la hora señalada.

**12.-** El Deudor debe proporcionar al Veedor copia de todos los antecedentes acompañados conforme al artículo 56, los que serán publicados junto a copia de esta resolución, por el Veedor en el Boletín Concursal dentro del plazo de tres días contado desde su dictación.



**13.-** El veedor deberá dejar constancia por escrito de la publicación en el boletín concursal, el mismo día en que ésta se practique.

**Dictado por doña Sylvia Papa Beletti, Juez Titular.**

En **Santiago,** a **cinco de Mayo de dos mil veinte,** se notificó por el estado diario, la resolución precedente.



Este documento tiene firma electrónica y su original puede ser validado en http://verificadoc.pjud.cl o en la tramitación de la causa.
A contar del 05 de abril de 2020, la hora visualizada corresponde al horario de invierno establecido en Chile Continental. Para la Región de Magallanes y la Antártica Chilena sumar una hora, mientras que para Chile Insular Occidental, Isla de Pascua e Isla Salas y Gómez restar dos horas. Para más información consulte http://www.horaoficial.cl

**<u>Item 6A</u>**

**Resolutions of the Board of Directors of Enjoy S.A. Appointing Foreign
Representatives and English Translation**

# DIVERGENT
## LANGUAGE SOLUTIONS

STATE OF NEW YORK

               )
               )
               )

COUNTY OF NEW YORK    )     SS

## **CERTIFICATION**

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Spanish into English of the attached Minutes of the Special Meeting of the Board of Directors of

"Enjoy S.A.," dated May 22, 2020.

Edward J. Jacob
Divergent Language Solutions, LLC

State of New York

County of New York

Subscribed to and sworn before me this 11ᵗʰ day of June , 2020,

by Edward J. Jacob.

Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, State of New York
No. 01ZE6350239
Qualified in New York County
Commission Expires November 7, 2020



183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11ᵗʰ Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

## MINUTES

## SPECIAL MEETING OF THE BOARD OF DIRECTORS OF "ENJOY S.A."

In Santiago, on May 22, 2020, at 6:30 p.m., the Special Meeting of the Board of Directors of "Enjoy S.A." (the "**Company**") was held, attended by Board members Javier Martínez Seguí, Pier-Paolo Zaccarelli Fasce, Nicolás Bañados Lyon, Lucas Marulanda López, Ugo Posada Zabala, Mauricio Salgar Hurtado, Ana María Orellana Johnson, Fernando Rioseco Zorn, and Ignacio Pérez Alarcón. The company's CEO, Rodrigo Larraín Kaplan, and Chief Financial Officer, Esteban Rigo-Righi Baillie, also attended as special guests. Javier Martínez Seguí chaired the meeting. Daniela Bawlitza Vásquez, the company's attorney, acted as Secretary.

## I.       RECORD OF REMOTE ATTENDANCE:

In accordance with Article 47 of Law No. 18.046 on Corporations and Financial Market Commission Circular No. 1.530 dated March 9, 2001, it is stated for the record that Board members Javier Martínez Seguí, Pier-Paolo Zaccarelli Fasce, Nicolás Bañados Lyon, Lucas Marulanda López, Ugo Posada Zabala, Mauricio Salgar Hurtado, Ana María Orellana Johnson, Fernando Rioseco Zorn, and Ignacio Pérez Alarcón are attending this meeting via video conference transmission, and will thereby remain continuously and simultaneously in communication with one another.

The Board of Directors states for the record that those present unanimously approve attendance at this meeting via video conference for Board members Javier Martínez Seguí, Pier-Paolo Zaccarelli Fasce, Nicolás Bañados Lyon, Lucas Marulanda López, Ugo Posada Zabala, Mauricio Salgar Hurtado, Ana María Orellana Johnson, Fernando Rioseco Zorn, and Ignacio Pérez Alarcón, given that this will allow, as stated above, for continuous and simultaneous communication of all attendees. It is also stated for the record that the Chairman of the Board of Directors must certify the attendance of the Board members listed above via the aforementioned technology medium, and the Secretary of the Board of Directors must also take part in said certification.

They also note that both the CEO and the Board's Secretary are present via video conference.

## II.      QUORUM TO HOLD MEETING AND AGENDA:

The Chairman states that, given the attendance of the above-named Board members, there is sufficient quorum to hold the meeting and to adopt resolutions pursuant to the bylaws, whereby he calls the meeting to order. He also states that the requirements under law and the bylaws for notice have been met for purposes of holding this meeting.

1

The Chairman submits this meeting's agenda to the Board for its consideration, which is approved without modifications.

## III.    APPOINTMENT OF CHAIRMAN AND SECRETARY

Board member Javier Martínez Seguí takes the floor, stating that because this is the company's first Board meeting held after the full replacement of the Board of Directors, pursuant to resolution of the Annual Shareholders' Meeting held on April 24, 2020, the Board must elect the Chairman from among its members. In this regard, the Board proposed to appoint Javier Martínez Seguí as Chairman of Enjoy S.A.

**RESOLUTION:** Following a brief discussion, the Board unanimously resolved to appoint Javier Martínez Seguí as the new Chairman of the Board of Directors of Enjoy S.A.

Javier Martínez Seguí expresses thanks for the trust placed in him and immediately assumes the position of Chairman, proceeding to chair the meeting.

The Chairman then reported that the Annual Shareholders' Meeting resolved that the compensation for Board members will be 100 Indexed Units (Unidades de Fomento) and 50 Indexed Units for members of the Management Committee, in both cases per meeting attended.

Thereafter, the Chairman proposes to the members that Daniela Bawlitza Vásquez, the Company's attorney, be appointed as Secretary of the Board of Directors.

**RESOLUTION:** Following a brief discussion, the Board resolved, based on the unanimous agreement of the attendees, to appoint as Secretary the company's attorney, Daniela Bawlitza Vásquez, who accepts this appointment.

## IV.    PURPOSE OF THE MEETING:

### 1.  Appointment of the third member of the Management Committee.

The Chairman informed the Board members that because Enjoy S.A.'s market capitalization as of December 31, 2019 continues to be higher than 1,500,000 Indexed Units, the company must have a Management Committee, pursuant to Article 50 bis of Law 18.046 on Corporations.

He went on to state that it is therefore necessary to form the Management Committee. Said Committee must be made up of three members. The independent Board members who sit on said Committee in their own right are Ana María Orellana Johnson [and] Fernando Rioseco Zorn. Furthermore, pursuant to Circular No. 1.956 of the Financial Market Commission, the appointment of the third Committee member must be agreed upon by the company's Board of Directors.

2

The Chairman took the floor, proposing to appoint Ignacio Pérez Alarcón as the third member of the Management Committee.

**RESOLUTION:** Following a brief discussion, the Board resolved, based on the unanimous agreement of the attendees, to appoint Ignacio Pérez Alarcón as the third member of the Management Committee of Enjoy S.A.

2. **Filing of a voluntary petition under Chapter 15 of Title 11 of the United States Code.**

The CEO takes the floor, explaining that Enjoy S.A.'s protection policies under the judicial reorganization pursuant to Law No. 20.720 include a voluntary petition in United States courts for a case (the "**Chapter 15 Petition**") under Chapter 15 of the Bankruptcy Code ("**United States Bankruptcy Code**"). This is the case because, given that Enjoy S.A. has placed bonds under Rule 144A and Regulation S of United States securities laws, a holder of this bond could potentially seek to sue Enjoy S.A. or one of the guarantors of this instrument—namely Baluma S.A.—in the U.S., as that is the applicable jurisdiction with respect to the bond, in order to enforce the obligations provided for under such contract. The above seeks to have Enjoy S.A.'s Chilean Proceedings recognized in the United States (the "**Chapter 15 Case**").

The Board's Secretary then explains that conversations have been held with two United States law firms to start the Chapter 15 Petition and ultimately, as Management, we have decided to entrust this work to the firm Gibson Dunn. Board member Fernando Rioseco then asks about the costs of this case. The Secretary explains this point, as well as the timeframes associated with the case.

Thus, she remarks, for purposes of beginning this case one of Enjoy S.A.'s current representatives must be designated as Enjoy S.A.'s foreign representative in the Chapter 15 case in the United States. It is therefore best for Enjoy S.A. to appoint Rodrigo Larraín Kaplan and Esteban Rigo-Righi Baillie as Enjoy S.A. foreign representatives, each of whom is authorized to file a Chapter 15 Petition under Chapter 15 of Title 11 of the United States Bankruptcy Code and to commence a Chapter 15 Case under the United States Bankruptcy Code for purposes of recognizing Enjoy S.A.'s Chilean Proceedings in the United States.

**RESOLUTION:** Following a brief discussion, the Board resolved, based on the unanimous agreement of the attendees:
1.- That Rodrigo Larraín Kaplan and Esteban Rigo-Righi Baillie are duly appointed as foreign representatives of Enjoy S.A., as such term is defined under Section 101 (24) of the United States Bankruptcy Code (each as a "Foreign Representative") and the Foreign Representative is authorized to act as Enjoy S.A.'s representative in the United States, including, among other things, for all purposes related to the Chapter 15 Case;

2.- Each Foreign Representative is authorized and directed on behalf of Enjoy S.A. to file a Chapter 15 Petition for Enjoy S.A. in the United States Bankruptcy Court for the Southern District of New York, or in any other court that either of the Foreign Representatives deems appropriate in order to commence the Chapter 15 Case.

## V.    RECORD OF THESE MINUTES AS A NOTARIAL INSTRUMENT:

Based on the unanimous agreement of its members, the Board of Directors resolves to empower attorneys **Eduardo Sboccia Serrano, Daniela Bawlitza Vásquez**, so that either of them may act separately and individually to have all or part of these minutes recorded as a notarial instrument in order to be able to fully carry out the aforementioned resolutions in a timely manner and to undertake all procedures, actions, and steps necessary or suitable to formalize the resolutions adopted. Furthermore, the bearer of the authorized copy of the notarial instrument in which these minutes are recorded is empowered to request from the respective Real Property Registrar and other competent registries any entries, cancellations, notations, drafts, sub-entries, and any other procedures as applicable.

With no further business to discuss, this meeting of the Board of Directors is adjourned at 8:00 p.m.


[signature]
Javier Martínez Seguí
Chairman

[signature]
Nicolás Bañados Lyon
Board Member


[signature]
Fernando Rioseco Zorn
Board Member

[signature]
Lucas Marulanda López
Board Member


4

[signature]                                    [signature]
Ana María Orellana Johnson                     Ignacio Pérez Alarcón
Board Member                                   Board Member


[signature]                                    [signature]
Ugo Posada Zabala                              Pier-Paolo Zaccarelli Fasce
Board Member                                   Board Member


[signature]
Daniela Bawlitza Vásquez
Secretary


## CERTIFICATION

Chairman Javier Martínez Seguí and Secretary Daniela Bawlitza Vásquez certify that Board members Javier Martínez Seguí, Pier-Paolo Zaccarelli Fasce, Nicolás Bañados Lyon, Lucas Marulanda López, Ugo Posada Zabala, Mauricio Salgar Hurtado, Ana María Orellana Johnson, Fernando Rioseco Zorn, and Ignacio Pérez Alarcón were, like the CEO and the Board's Secretary, simultaneously and continuously in communication via video conference during the entire Board of Directors meeting. They state for the record that the Board of Directors expressly authorized attendance in the aforementioned manner. The above record is provided pursuant to Article 47 of Law No. 18.046 on Corporations and Financial Market Commission Circular No. 1.530 dated March 9, 2001.


[signature]                                    [signature]
Javier Martínez Seguí                          Daniela Bawlitza Vásquez
Chairman                                       Secretary


5

## ACTA

## SESION EXTRAORDINARIA DE DIRECTORIO DE "ENJOY S.A."

En Santiago, a 22 de mayo de 2020, siendo las 18:30, se llevó a cabo la Sesión Extraordinaria de Directorio de la Sociedad "Enjoy S.A.", (la "**Sociedad**") con la asistencia de los directores señores Javier Martínez Seguí, Pier-Paolo Zaccarelli Fasce, Nicolás Bañados Lyon, Lucas Marulanda López, Ugo Posada Zabala, Mauricio Salgar Hurtado, Ana María Orellana Johnson, Fernando Rioseco Zorn e Ignacio Pérez Alarcón. Concurrió especialmente invitado el Gerente General de la sociedad, señor Rodrigo Larraín Kaplan y el gerente de Finanzas señor Esteban Rigo-Righi Baillie. Presidió la sesión don Javier Martínez Seguí. Actuó como Secretaria la abogada de la sociedad Daniela Bawlitza Vásquez.

### I.    CONSTANCIA DE ASISTENCIA REMOTA:

En atención a lo dispuesto en el artículo 47 de la Ley N° 18.046 sobre Sociedades Anónimas y en la Circular N° 1.530 de 9 de marzo de 2001 de la Comisión para el Mercado Financiero, se deja constancia que los directores Javier Martínez Seguí, Pier-Paolo Zaccarelli Fasce, Nicolás Bañados Lyon, Lucas Marulanda López, Ugo Posada Zabala, Mauricio Salgar Hurtado, Ana María Orellana Johnson, Fernando Rioseco Zorn e Ignacio Pérez Alarcón asisten a esta sesión mediante transmisión de video conferencia, y que permanecerán por este medio comunicados en forma permanente y simultánea entre sí.

El Directorio deja constancia que aprueba, por la unanimidad de los concurrentes, la asistencia a esta sesión por medio de video conferencia los directores Javier Martínez Seguí, Pier-Paolo Zaccarelli Fasce, Nicolás Bañados Lyon, Lucas Marulanda López, Ugo Posada Zabala, Mauricio Salgar Hurtado, Ana María Orellana Johnson, Fernando Rioseco Zorn e Ignacio Pérez Alarcón atendido que ello permitirá, según se ha dicho, la comunicación permanente y simultánea de todos los asistentes. Se deja constancia, adicionalmente, que el Presidente del Directorio deberá certificar la asistencia a la presente sesión de los directores antes indicado por el medio tecnológico referido, certificación a la que deberá concurrir también la Secretaria del Directorio.

Hacen presente también que tanto el Gerente General como la Secretaria del Directorio se encuentras presente por video conferencia.

### II.    QUORUM PARA SESIONAR Y TABLA:

El Presidente señala que, habida la concurrencia de los señores directores individualizados precedentemente, existe quórum suficiente para sesionar y tomar acuerdos de conformidad a los estatutos, razón por la cual se declara abierta la sesión. Asimismo,

1

señala que se han cumplido los requisitos legales y estatutarios de citación para la celebración de la presente sesión.

El Presidente somete a consideración del Directorio la tabla para la presente sesión, la que es aprobada sin modificaciones.

## III.    DESIGNACION DE PRESIDENTE Y DE SECRETARIO

Toma la palabra el director Javier Martínez Seguí, quien señaló que, en razón de ser esta la primera sesión de Directorio que celebra la sociedad luego de haber sido renovado íntegramente el Directorio, según acuerdo de la Junta Ordinaria de Accionistas celebrada el 24 de abril de 2020, corresponde que el Directorio elija de entre uno de sus miembros al Presidente. Al respecto, el Directorio propuso nombrar como Presidente de Enjoy S.A. a don Javier Martínez Seguí.

**ACUERDO:** Luego de un breve debate, el Directorio acordó por unanimidad nombrar a don Javier Martínez Seguí como nuevo Presidente del Directorio de Enjoy S.A.

El señor Javier Martínez Seguí agradece la confianza depositada en él y asume inmediatamente el cargo de Presidente y pasa a presidir la sesión.

Posteriormente, el señor Presidente informó que la Junta Ordinaria de Accionistas acordó una remuneración para los integrantes del Directorio de 100 Unidades de Fomento y de 50 Unidades de Fomento para los miembros del Comité de Directores, en ambos casos por sesión asistida.

A continuación, el señor Presidente propone a los directores que se designe como Secretaria del Directorio a Daniela Bawlitza Vásquez, abogada de la Compañía.

**ACUERDO:** Luego de un breve debate el Directorio acordó, por la unanimidad de los asistentes, nombrar como Secretaria a la abogada de la sociedad Daniela Bawlitza Vásquez, quien acepta este nombramiento.

## IV.    OBJETO DE LA SESION:

### 1. Designación del tercer integrante del Comité de Directores.

El señor Presidente informó a los directores que dado que el patrimonio bursátil de Enjoy S.A. al 31 de diciembre de 2019 continúa siendo superior a 1.500.000 Unidades de Fomento, corresponde que la sociedad cuente con un Comité de Directores, en los términos señalados en el artículo 50 bis de la Ley 18.046 sobre Sociedades Anónimas.

A continuación señaló que por esta razón es necesario que se constituya el Comité de Directores. Dicho Comité debe estar compuesto por tres miembros. Los directores independientes que lo integran por derecho propio son Ana María Orellana Johnson

2

Fernando Rioseco Zorn. Asimismo, de acuerdo a lo señalado la Circular N° 1.956 de la Comisión para el Mercado Financiero, el nombramiento del tercer integrante del Comité debe ser acordado por el Directorio de la sociedad.

Tomó la palabra el Presidente, quien propuso nombrar como tercer integrante del Comité de Directores de Enjoy S.A. a don Ignacio Pérez Alarcón.

**ACUERDO:** Luego de un breve debate, el Directorio acordó por la unanimidad de los asistentes nombrar a don Ignacio Pérez Alarcón como tercer integrante del Comité de Directores de Enjoy S.A.

### 2. Presentación de una petición voluntaria bajo capítulo 15 del título 11 del Código de los Estados Unidos.

Toma la palabra el Gerente General quien explica que, dentro de las políticas de protección para Enjoy S.A por la reorganización judicial al amparo de la ley N° 20.720, se encuentra la petición voluntaria en los tribunales de Estados Unidos de América de un proceso (la "**Petición del Capítulo 15**") bajo el Capítulo 15 del Código de Bancarrota (el "**Código de Bancarrota de los Estados Unidos**"). Lo anterior dado que, al tener Enjoy S.A. colocados bonos bajo la Norma 144A y la Regulación S de las leyes de valores de los Estados Unidos, es posible que algún tenedor de dicho bono pretenda demandar a Enjoy S.A. o alguna de las sociedades garantes de dicho instrumento, en especial a Baluma S.A., en ese país, por ser la jurisdicción aplicable del mismo, con el objeto de exigir el cumplimiento de las obligaciones que tal contrato contempla. Con ello se pretende reconocer el Procedimiento de Enjoy S.A en Chile en los Estados Unidos (el "**Caso del Capítulo 15**").

A continuación, explica la Secretaria del Directorio, que se han sostenido conversaciones con dos estudios de abogados de Estados Unidos para iniciar la Petición del Capítulo 15 y finalmente como Administración hemos decidido encargar dicho trabajo al estudio Gibson Dunn. Luego el director Fernando Rioseco pregunta sobre los costos de este proceso, explicando la secretaria este punto y además los tiempos asociados a este proceso.

Así, comenta, para efectos de dar inicio a tal proceso se hace necesario nombrar a alguno de los actuales representantes de Enjoy S.A. como representantes extranjeros de Enjoy S.A. en el proceso del capítulo 15 en Estados Unidos. Así. lo mejor para Enjoy S.A es designar a Rodrigo Larraín Kaplan y Esteban Rigo-Righi Baillie como representantes extranjeros de Enjoy SA, cada uno autorizado para presentar una Petición del Capítulo 15 bajo el capítulo 15 del título 11 del Código de Bancarrota de los Estados Unidos y para iniciar un Caso del Capítulo 15 del Código de Bancarrota de los Estados Unidos con el objetivo de reconocer el Procedimiento de Enjoy S.A en Chile en los Estados Unidos.

**ACUERDO:** Luego de un breve debate, el Directorio acordó por la unanimidad de los asistentes:
1.- Que Rodrigo Larraín Kaplan y Esteban Rigo-Righi Baillie son debidamente designados como representantes extranjeros de Enjoy S.A como dicho término se define en la sección

101 (24) del Código de Quiebras de los Estados Unidos (cada uno como "Representante Extranjero") y el Representante Extranjero está autorizado para actuar como representante de Enjoy S.A en los Estados Unidos, incluidos, entre otros, para todos los fines relacionados con el Caso del Capítulo 15:

2.- Cada Representante Extranjero está autorizado y dirigido en nombre de Enjoy SA para presentar una Petición del Capítulo 15 para Enjoy SA en el Tribunal de Quiebras de los Estados Unidos para el Distrito Sur de Nueva York o cualquier otro tribunal que cualquiera de los Representantes Extranjeros considere apropiado para comenzar el Caso del Capítulo 15.

## V.    REDUCCION A ESCRITURA PÚBLICA:

El Directorio por la unanimidad de sus miembros acuerda facultar a los abogados **Eduardo Sboccia Serrano, Daniela Bawlitza Vásquez**, para que actuando uno cualquiera de ellos en forma individual y separadamente, reduzcan a escritura pública, en todo o en parte de la presente acta, de manera de poder ejecutar cabal y oportunamente los acuerdos referidos precedentemente y efectúen todos los trámites, actuaciones y gestiones que fueren necesarios o convenientes para legalizar los acuerdos adoptados. Además, se faculta al portador de copia autorizada de la escritura pública a que se reduzca la presente acta para requerir del Conservador de Bienes Raíces correspondiente y demás registros competentes, las inscripciones, cancelaciones, anotaciones, minutas, subinscripciones y demás trámites que fueren procedentes.

No existiendo otras materias que tratar, se levanta esta sesión de Directorio siendo las 20:00 horas.

Javier Martínez Seguí
Presidente

Nicolás Bañados Lyon
Director

Fernando Rioseco Zorn

Lucas Marulanda López
Director

4

Ana María Orellana Johnson
Director

Ignacio Pérez Alarcón
Director

Ugo Posada Zabala
Director

Pier-Paolo Zaccarelli Fasce
Director

Daniela Bawlitza Vásquez
Secretaria

## CERTIFICADO

El señor Presidente Javier Martínez Seguí y la Secretaria Daniela Bawlitza Vásquez certifican que los directores Javier Martínez Seguí, Pier-Paolo Zaccarelli Fasce, Nicolás Bañados Lyon, Lucas Marulanda López, Ugo Posada Zabala, Mauricio Salgar Hurtado, Ana María Orellana Johnson, Fernando Rioseco Zorn e Ignacio Pérez Alarcón estuvieron, al igual que el Gerente General y la Secretaria del Directorio, comunicados simultánea y permanentemente vía video conferencia, durante toda la sesión de Directorio. Dejan constancia que el Directorio autorizó expresamente la concurrencia en la forma mencionada. La constancia referida se otorga de acuerdo a lo establecido en el artículo 47 de la Ley N° 18.046 sobre Sociedades Anónimas y en la Circular N° 1.530, de 9 de marzo de 2001, de la Comisión para el Mercado Financiero.

Javier Martínez Seguí
Presidente

Daniela Bawlitza Vásquez
Secretaria

## <u>Item 6B</u>

**Certificate From Court Appointed Overseer Approving Appointment of Foreign
Representatives and English Translation**

# DIVERGENT
### LANGUAGE SOLUTIONS

STATE OF NEW YORK

        )
        )
        )

COUNTY OF NEW YORK     )    ss

### CERTIFICATION

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Spanish into English of the attached Certification digitally signed by Patricio Ricardo Jamarne

Banduc.

Edward J. Jacob
Divergent Language Solutions, LLC

State of New York

County of New York

Subscribed to and sworn before me this 11ᵗʰ day of June , 20 20 ,

by Edward J. Jacob.

Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, State of New York
No. 01ZE6350239
Qualified in New York County
Commission Expires November 7, 2020



183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11ᵗʰ Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

## <u>CERTIFICATE</u>

I hereby, and at the request of Enjoy S.A.'s management, certify the truthfulness of the following assertions:

1. On May 22, 2020, the Board of Directors of Enjoy S.A. appointed as Foreign Representative for purposes of commencing a proceeding under Chapter 15 of the United States Bankruptcy Code (the "Chapter 15 Case") and to act as representatives of Enjoy S.A in the United States, including, without limitation, for all purposes related to the Chapter 15 Case.

2. Said appointment is within the powers of Enjoy S.A.'s management and is not prohibited under Law 20,720, inasmuch as, despite the ongoing Judicial Reorganization Proceedings, the Board of Directors retains its management powers and representation of Enjoy S.A.

Patricio Ricardo Jamarne Banduc

Digitally signed by Patricio Ricardo Jamarne Banduc

_____
Patricio Jamarne Banduc
Enjoy S.A. Insolvency Overseer

**CERTIFICADO**

Por medio del presente, y por solicitud de la administración de Enjoy S.A., certifico la veracidad de las siguientes aseveraciones:

1. Con fecha 22 de mayo de 2020, el Directorio de Enjoy S.A. designó como Representante Extranjero, para los efectos de iniciar un procedimiento en virtud del Capítulo 15 del Código de Quiebras de los Estados Unidos (el "Procedimiento del Capítulo 15") y de actuar como representantes de Enjoy S.A. en los Estados Unidos, incluyendo, sin limitación, a todos los efectos relacionados con el Procedimiento del Capítulo 15.

2. Dicha designación se encuentra contenida dentro de las facultades de la administración de Enjoy S.A. y no se encuentra prohibida por la Ley 20,720, toda vez que, no obstante la substanciación del Procedimiento de Reorganización Judicial actual, el Directorio mantiene sus facultades de administración y representación de Enjoy S.A.

Patricio Ricardo Jamarne Banduc — Firmado digitalmente por Patricio Ricardo Jamarne Banduc

Patricio Jamarne Banduc

Veedor Concursal Enjoy S.A.

**<u>Item 6C</u>**

**Order Acknowledging Overseer Approval of Appointment of Foreign
Representatives and English Translation**

# DIVERGENT
## LANGUAGE SOLUTIONS

STATE OF NEW YORK                    )
                                     )
                                     )
COUNTY OF NEW YORK                   )        ss

## **CERTIFICATION**

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Spanish into English of the attached Notice of Order dated June 12, 2020.


Edward J. Jacob
Divergent Language Solutions, LLC


State of New York

County of New York

Subscribed to and sworn before me this 12ᵗʰ day of June , 2020 ,

by Edward J. Jacob.


Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, State of New York
No. 01ZE6350239
Qualified in New York County
Commission Expires November 7, 2020



183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11ᵗʰ Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

**DESCRIPTION**        **: 1. [4722]Let it be certified**
**COURT**              **: Santiago Civil Court 8**
**CASE DOCKET**        **: C-6689-2020**
**CASE CAPTIONED**     **: /ENJOY S.A.**

**Santiago, June 12, 2020.**

Recorded via Virtual Judicial Office (OJV) on 6/10/2020 (page 97):
Let it be certified as applicable.

Recorded via OJV on 6/10/2020 (page 98):
Per attached publication, with notice.

Recorded via OJV on 6/12/2020 (page 99):
With respect to the primary request: Let it be certified as applicable.
With respect to the exhibit: Per the attached, with notice.

In **Santiago,** on **June 12, 2020,** service of the foregoing order was carried out via the daily list of court decisions.



This document contains an electronic signature and its original may be confirmed at http://verificadoc.pjud.cl or in the record of the case.
As of April 5, 2020, the time shown corresponds to the winter season established in Continental Chile. Add one hour for the Magallanes and the Chilean Antarctic Regions, and for Insular Chile, Easter Island, and Salas y Gómez islands subtract two hours. For more information go to http://www.horaoficial.cl

SYLVIA JOSEFINA PAPA BELETTI
Date: 6/12/2020 1:57:10 PM

**NOMENCLATURA** : 1. [4722]Certifíquese
**JUZGADO** : 8º Juzgado Civil de Santiago
**CAUSA ROL** : C-6689-2020
**CARATULADO** : /ENJOY S.A.

**Santiago,  doce  de Junio de dos mil veinte.**

Al escrito por OJV de 10/06/20 (folio 97):
Certifíquese lo que corresponda.

Al escrito por OJV de 10/06/20 (folio 98):
Por acompañada publicación, con citación.

Al escrito por OJV de 12/06/20 (folio 99):
A lo principal: Certifíquese lo que corresponda.
Al otrosí: Por acompañado, con citación.

En **Santiago,** a **doce  de Junio de dos mil veinte,** se notificó por el
estado diario, la resolución precedente.



Este documento tiene firma electrónica y su original puede ser
validado en http://verificadoc.pjud.cl o en la tramitación de la
causa.
A contar del 05 de abril de 2020, la hora visualizada
corresponde al horario de invierno establecido en Chile
Continental. Para la Región de Magallanes y la Antártica
Chilena sumar una hora, mientras que para Chile Insular
Occidental, Isla de Pascua e Isla Salas y Gómez restar dos
horas. Para más información consulte http://www.horaoficial.cl

SYLVIA JOSEFINA PAPA BELETTI
Fecha: 12/06/2020 13:57:10

# DIVERGENT
## LANGUAGE SOLUTIONS

STATE OF NEW YORK

         )
         )
         )

COUNTY OF NEW YORK     )    ss

## **CERTIFICATION**

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Spanish into English of the attached Certificate dated June 12, 2020.

_____
Edward J. Jacob
Divergent Language Solutions, LLC

State of New York

County of New York

Subscribed to and sworn before me this 12ᵗʰ day of June , 2020 ,

by Edward J. Jacob.

_____
Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, State of New York
No. 01ZE6350239
Qualified in New York County
Commission Expires November 7, 2020



183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11ᵗʰ Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

| | |
|---|---|
| **DESCRIPTION** | : **1. [380]Certificate.** |
| **COURT** | : **Santiago Civil Court 8** |
| **CASE DOCKET** | : **C-6689-2020** |
| **CASE CAPTIONED** | : **/ENJOY S.A.** |

**Santiago, June 12, 2020.**

**I CERTIFY:** That pursuant to the contents of the order dated June 12, 2020 with respect to the document at page 99 dated June 12, 2020, submitted by the Insolvency Overseer Patricio Jamarne Cristián Gandarillas Serani and Attorney Nelson Contandor Rosales on behalf of the petitioner Enjoy S.A., I am able to state as follows:

1. It is true that on May 5, 2020, a reorganization order for Enjoy S.A. was issued, which granted a financial insolvency protection period of 30 business days, appointing Patricio Jamarne Banduc as head overseer.

2. It is true that Article 25 (7) of Law 20.720 sets forth the overseer's duty to seek any provisional and preservation remedies for the petitioning Debtor's assets that are necessary to protect the interests of the creditors.

The language of the aforementioned provision and paragraph number states: ***Article 25.- Duties of the Overseer. The primary duty of the Overseer is to foster the agreements between the Debtor and its creditors, thereby facilitating the proposal and negotiation of the Agreement. For such purposes, the Overseer may summon the Debtor and its creditors at any time from the publication of the Reorganization Order to the date on which he must provide the competent court with the report stipulated under Article 57 (8), for purposes of facilitating the agreements between the parties and fostering the signing of a Judicial Reorganization Agreement pursuant to the terms provided for hereunder.***
***In exercising his duties, [the overseer] must specifically:***
***7) Seek any provisional and preservation remedies for the Debtor's assets that are necessary to protect the interests of the creditors, notwithstanding any agreements that the latter may enter into.***

3.- It is true that on June 12, 2020, documents were provided to the case record, and stated to be for purposes of requesting commencement of the Recognition of these Proceedings in the United States under the Cross-Border Insolvency rules, and to ensure that the full scope of the Financial Insolvency Protection is applied in the United States to prohibit enforcement of the guarantees provided by subsidiaries of Enjoy S.A., and such documents indicate that the overseer signed two certificates with respect to:



i.- The authorization to appoint a representative to act on behalf of Enjoy S.A. in order to commence proceedings under Chapter 15 of the United States Bankruptcy Code, in said country; and that such appointment does not modify the management and representation powers of Enjoy S.A.

ii.- A certificate informing of the asset-related documents that were forwarded to the overseer and facts in the case with respect to the issuance of the reorganization order, financial insolvency protection, restriction on new proceedings and enforcement of obligations and guarantees against the debtor, and a stay of proceedings already in progress, as well as maintaining the validity and conditions of agreements.

**Leonardo Wlodawsky Malschafsky, Acting Clerk.**



This document contains an electronic signature and its original may be confirmed at http://verificadoc.pjud.cl or in the record of the case.
As of April 5, 2020, the time shown corresponds to the winter season established in Continental Chile. Add one hour for the Magallanes and the Chilean Antarctic Regions, and for Insular Chile, Easter Island, and Salas y Gómez islands subtract two hours. For more information go to http://www.horaoficial.cl

LEONARDO WLODAWSKY
MALSCHAFSKY
Date: 6/12/2020 2:02:37 PM

**NOMENCLATURA** : 1. [380]Certificado.
**JUZGADO** : 8° Juzgado Civil de Santiago
**CAUSA ROL** : C-6689-2020
**CARATULADO** : /ENJOY S.A.

**Santiago,  doce  de Junio de dos mil veinte.**

**CERTIFICO:** Que acorde lo ordenado por resolución de fecha 12 de
junio de 2020 respecto del escrito del folio 99 de fecha 12 de junio de 2020,
presentado por el veedor concursal Patricio JamarneCristián Gandarillas
Serani y el apoderado Nelson Contandor Rosales en representación de la
solicitante Enjoy S.A. puedo señalar lo siguiente:

1. Que es efectico que con fecha 5 de mayo de 2020 se dictó la
resolución de reorganización de Enjoy S.A., la cual otorgó un período de
protección financiera concursal por un un plazo de 30 días hábiles, designando
como veedor titular a Patricio Jamarne Banduc.

2. Que es efectivo que el artículo 25 N° 7 de la Ley 20.720 establece el
deber del veedor de de impetrar las medidas precautorias y de conservación de
los activos del Deudor solicitante, que sean necesarias para resguardar los
intereses de los acreedores.

El texto de la norma y numeral en comento señala: *Artículo 25.-*
*Deberes del Veedor. La función principal del Veedor es propiciar los*
*acuerdos entre el Deudor y sus acreedores, facilitando la proposición y*
*negociación del Acuerdo. Para estos efectos, el Veedor podrá citar al*
*Deudor y a sus acreedores en cualquier momento desde la publicación de la*
*Resolución de Reorganización hasta la fecha en que debe acompañar al*
*tribunal competente el informe que regula el numeral 8) del artículo 57, con*
*el propósito de facilitar los acuerdos entre las partes y propiciar la*
*celebración de un Acuerdo de Reorganización Judicial en los términos*
*regulados en la presente ley.*

*En el ejercicio de sus funciones deberá especialmente:…*

*7) Impetrar las medidas precautorias y de conservación de los activos*
*del Deudor que sean necesarias para resguardar los intereses de los*
*acreedores, sin perjuicio de los acuerdos que éstos puedan adoptar.*

3.- Que es efectivo que se tuvo por acompañado en autos, con fecha 12
de junio de 2020, documentos anunciados para los efectos solicitar el inicio
del Reconocimiento de Procedimiento de autos en Estados Unidos, bajo las
normas de Insolvencia Transfronteriza, y para asegurar que se aplique en los
Estados Unidos todo el alcance de la Protección contra la Insolvencia
Financiera, a fin de prohibir la ejecución de las garantías ofrecidas por las
filiales de Enjoy S.A. y que que dan cuenta de que el veedor suscribió dos
certificados respecto de:



i.- La autorizacion en la designación de un apoderado para actuar en representación de Enjoy S.A. a fin de de iniciar un procedimiento en virtud del Capítulo 15 del Código de Quiebras de los Estados Unidos, en dicho país; y que aquella designación no modifica las facultades de administración y representación de Enjoy S.A.

ii.- Una certificación que informa de documentos de activos que se hicieron llegar al veedor y de hechos del proceso respecto a la dictación de la resolución de reorganización, protección financiera concursal, limitación de nuevos procesos y ejecuciones de obligaciones y garantías en contra de la deudora y suspensión de procesos ya iniciados, así como mantención de la vigencia y condiciones de contratos.

**Leonardo Wlodawsky Malschafsky, Secretario Subrogante.**



LEONARDO WLODAWSKY
MALSCHAFSKY
Fecha: 12/06/2020 14:02:37

Este documento tiene firma electrónica y su original puede ser validado en http://verificadoc.pjud.cl o en la tramitación de la causa.
A contar del 05 de abril de 2020, la hora visualizada corresponde al horario de invierno establecido en Chile Continental. Para la Región de Magallanes y la Antártica Chilena sumar una hora, mientras que para Chile Insular Occidental, Isla de Pascua e Isla Salas y Gómez restar dos horas. Para más información consulte http://www.horaoficial.cl

## <u>Item 8</u>

**Disclosure Pursuant Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure**

**GIBSON, DUNN & CRUTCHER LLP**
Keith R. Martorana
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| ENJOY S.A.[1] | Case No. 20-_____ (__) |
| Debtor in a Foreign Proceeding. | |

**DISCLOSURE PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE**

Rodrigo C. Larrain and Esteban Rigo-Righi, in their capacity as duly authorized foreign

representatives (each, a "***Foreign Representative***") of Enjoy S.A., as a debtor in a foreign

proceeding (the "***Foreign Debtor***") in connection with its reorganization proceeding under Chilean

law (the "***Foreign Proceeding***") pending in the 8° Civil Court of Santiago in Santiago, Chile (the

"***Chilean Court***") hereby file this list pursuant to Rule 1007(a)(4) of the Federal Rules of

Bankruptcy Procedure and respectfully set forth as follows:

---

[1] The Foreign Debtor's Chilean tax identification number is 96.970.380-7. The location of the Foreign Debtor's executive office is Av. Presidente Riesco 5711, 15th Floor, Borough of Las Condes, Santiago, Chile, Postal Code 7561114.

**I.    All Persons or Bodies Authorized to Administer the Foreign Proceeding**

| Name | Address |
|---|---|
| Rodrigo C. Larrain, as Foreign Representative | Av. Presidente Riesco 5711, 15th Floor, Santiago, Chile, Postal Code 7561114 |
| Esteban Rigo-Righi, as Foreign Representative | Av. Presidente Riesco 5711, 15th Floor, Santiago, Chile, Postal Code 7561114 |
| Sylvia Papa Beletti, as Head Judge | Huérfanos N° 1409, Santiago. |
| Patricio Ricardo Jamarne Banduc, as Overseer | Avenida Apoquindo 4.775 17th Floor, Santiago, Chile |
| Marco Antonio Ortiz D'amico as Alternate Overseer | Amunategui N° 277, office 1.001, Santiago, Chile |

**II.    All Parties to Litigation Pending in the United States in which the Foreign Debtor is a Party at the Time of Filing of the Petition**

1.    Neither Foreign Representative nor the Foreign Debtor is party to any pending litigation in the United States as of the date hereof.

**III.    Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519**

2.    The Foreign Representatives are not seeking provisional relief.

Dated:    New York, New York
          June 12, 2020

                                 Respectfully submitted,
                                 GIBSON, DUNN & CRUTCHER LLP

                                 */s/ Keith R. Martorana*
                                 Keith R. Martorana
                                 Alan Moskowitz
                                 Dylan S. Cassidy
                                 200 Park Avenue
                                 New York, NY 10166
                                 (212) 351-4000 (Tel)
                                 (212) 351-4035 (Fax)

                                 *Counsel to the Foreign Representatives*

**<u>Item 11</u>**

**Corporate Ownership Statement**

**GIBSON, DUNN & CRUTCHER LLP**
Keith R. Martorana
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ENJOY S.A.[1]<br><br>          Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-_____  (__) |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO BANKRUPTCY RULES 1007(A)(4)**
**AND 7007.1 AND LOCAL RULE 1007-3**

Rodrigo C. Larrain and Esteban Rigo-Righi, in their capacity as duly authorized foreign representatives (each a "***Foreign Representative***") of Enjoy S.A., as a debtor in a foreign proceeding (the "***Foreign Debtor***") in connection with its foreign proceeding pending in in connection with its reorganization proceeding under Chilean law (the "***Foreign Proceeding***") pending in the 8° Civil Court of Santiago in Santiago, Chile, hereby file the corporate ownership information required by Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York.

---

[1]  The Foreign Debtor's Chilean tax identification number is 96.970.380-7.  The location of the Foreign Debtor's executive office is Av. Presidente Riesco 5711, 15th Floor, Borough of Las Condes, Santiago, Chile, Postal Code 7561114.

1.      As of the date of this filing, each of (i) Entretenciones Consolidadas SPA, (ii) Inversiones e Inmobiliaria Almonacid Ltda., (iii) BTG Pactual Small Cap Chile Fondo De Inversion, and (iv) Advent Latin America Private Equity Fund VI LP, owns, directly or indirectly, 10% or more of the equity interests of the Foreign Debtor.