**PAUL HASTINGS LLP**
Pedro A. Jimenez
Andres C. Mena
Douglass Barron
200 Park Avenue
New York, NY 10166
(212) 318-6000 (Tel)
(212) 319-4090 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ENJOY S.A.[1]<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-11411 (MG) |

### NOTICE OF FILING OF REVISED PROPOSED ORDER RECOGNIZING FOREIGN PROCEEDING

**PLEASE TAKE NOTICE** that on June 12, 2020, the above-captioned debtor in a foreign proceeding (the "*Foreign Debtor*") filed a proposed *Order Recognizing Foreign Proceedings* [Docket No. 2] (the "*Prior Proposed Recognition Order*").

**PLEASE TAKE FURTHER NOTICE** that Patricio Jamarne Banduc, the foreign representative of the Foreign Debtor (the "*Foreign Representative*"), hereby files a revised *Order Recognizing Foreign Proceedings* (the "*Revised Proposed Recognition Order*"), attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a redline of the Revised Proposed Recognition Order reflecting cumulative changes from the Prior Proposed Recognition Order.

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative reserves the right to materially alter, amend, or modify the Revised Proposed Recognition Order, *provided* that if the Revised Proposed Recognition Order is altered, amended, or modified in any material respect,

---

[1] The Foreign Debtor's Chilean tax identification number is 96.970.380-7. The location of the Foreign Debtor's executive office is Av. Presidente Riesco 5711, 15th Floor, Borough of Las Condes, Santiago, Chile, Postal Code 7561114.

the Foreign Representative will file a revised version of such document with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

       **PLEASE TAKE FURTHER NOTICE** that copies of the Revised Proposed Recognition Order and all other documents in these chapter 11 cases are available for a fee via PACER at: http://www.nysb.uscourts.gov.

Dated: July 20, 2020
      New York, New York

                PAUL HASTINGS LLP

                */s/ Pedro A. Jimenez*
                Pedro A. Jimenez, Esq.
                Andres C. Mena
                Douglass Barron
                PAUL HASTINGS LLP
                200 Park Avenue
                New York, NY 10166
                Telephone: (212) 318-6000
                Facsimile: (212) 319-4090
                pedrojimenez@paulhastings.com

                *Counsel to the Foreign Representative*

## Exhibit A

**Revised Proposed Recognition Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 15 |
| ENJOY S.A.[1] | Case No. 20-11411 (MG) |
| Debtor in a Foreign Proceeding. | |

## ORDER RECOGNIZING FOREIGN PROCEEDING

Upon the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "***Verified Petition***")[2] and the Chapter 15 Petition for Recognition of a Foreign Proceeding (Official Form 401) (the "***Petition***") in support of entry of an order pursuant to sections 1517(a) and 1521(a)(7) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***") (a) finding that (i) the Foreign Debtor is eligible to be a "debtor" under chapter 15 of the Bankruptcy Code, (ii) the Foreign Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code, (iii) that Patricio Jamarne Banduc (the "***Foreign Representative***") satisfies the requirements of a "foreign representative" of the Foreign Debtor under section 101(24) of the Bankruptcy Code, and (iv) the Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code, (b) granting recognition of the Foreign Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code and granting the relief under section 1520 of the Bankruptcy Code, and (c) (i) enforcing and granting comity to the Enjoy Stay Order in the United States and/or (ii) extending the automatic

---

[1]  The Foreign Debtor's Chilean tax identification number is 96.970.380-7.  The location of the Foreign Debtor's executive office is Av. Presidente Riesco 5711, 15th Floor, Borough of Las Condes, Santiago, Chile, Postal Code 7561114.

[2]  Capitalized terms used herein but not otherwise defined shall have the respective meanings ascribed to such terms in the Verified Petition.

stay made applicable to the Foreign Debtor upon recognition pursuant to section 1520 of the Bankruptcy Code, in each case to prohibit any actions to collect or enforce on the Indenture Guarantees provided by the Subsidiary Guarantors; and upon the hearing (the "***Hearing***") on the Verified Petition and this Court's review and consideration of the Petition, the Verified Petition, the Larrain Declaration, the Contador Declaration and the *Declaration of the Foreign Representative in Support of Recognition* [ECF No. 19]; and appropriate and timely notice of the filing of the Verified Petition and the Hearing having been given; and no other or further notice being necessary or required; and the Court having determined that the legal and factual bases set forth in the Verified Petition and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.     This Court has jurisdiction to consider the Petition and the Verified Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

B.     The consideration of the Petition and the Verified Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.     Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

---

[3] The findings and conclusions set forth herein and on the record of the Hearing to consider the Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").  To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

D.      Good, sufficient, appropriate, and timely notice of the filing of the Petition and the Verified Petition and the Hearing has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q), the *Order Scheduling a Hearing on Chapter 15 Petition for Recognition and Specifying the Form and Manner of Service of Notice* [ECF No. 6], and the *Notice of Adjournment of Hearing on Chapter 15 Petition for Recognition* [ECF No. 14] to: (a) the United States Trustee for the Southern District of New York, (b) the Foreign Debtor, (c) the parties authorized to administer the Foreign Proceeding as set forth in the Petition, (d) all parties to any litigation in which the Foreign Debtor is a party and that is pending in the United States as of the commencement of the Chapter 15 Case, (e) the Indenture Trustee and the Proposed Successor Trustee, (f) counsel to the ad hoc group of Noteholders, and (g) all parties that have filed a notice of appearance in the Chapter 15 Case.  In light of the nature of the relief requested and prior orders of this Court, no other or further notice is required.

E.      No objections or responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F.      The Foreign Debtor is "eligible" to be a debtor pursuant to sections 109 and 1501 of the Bankruptcy Code.

G.      The Foreign Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

H.      The Foreign Proceeding is pending in Chile, which is where the Foreign Debtor has its "center of main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code.  As such, the Foreign Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

3

I.      The Foreign Representative is a "person" as such term is defined in section 101(41) of the Bankruptcy Code and has been duly appointed and designated as the "foreign representative" of the Foreign Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

J.      The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1509, and the Petition satisfies the requirements of section 1515 of the Bankruptcy Code and Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.

K.      The relief granted hereby is necessary to effectuate the purposes and objectives of Chapter 15 and to protect the Foreign Debtor and its assets located in the United States and the interests of its creditors and other parties in interest..

L.      Appropriate notice of the filing of, and the Hearing on, the Petition and the Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

M.      The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to section 1507, 1517, 1520, and 1521 of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1.      The Verified Petition and the relief requested in this Order are granted as set forth herein, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

2.      The Foreign Proceeding is recognized as a "foreign main proceeding" pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

3.      All relief and protections afforded foreign main proceedings under section 1520 of the Bankruptcy Code are hereby granted to the Foreign Proceeding, the Foreign Debtor and the

Foreign Debtor's assets located in the United States, as applicable, including, without limitation, the application of the automatic stay under section 362 of the Bankruptcy Code to the Foreign Debtor and its property within the territorial jurisdiction of the United States; provided that the foregoing shall be subject to the provisions of Paragraph 7 below.

4.    All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and his authorized representatives and agents, are hereby enjoined from:

a.    execution against the Foreign Debtor's assets or, with respect to the Indenture Guarantees, the Subsidiary Guarantors' assets;

b.    the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, bankruptcy, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Foreign Debtor or, with respect to the Indenture Guarantees, the Subsidiary Guarantors, which in either case in any way relates to, or would interfere with, the administration of the Foreign Debtor's estate in the Foreign Proceeding;

c.    the enforcement of a judgment against the Foreign Debtor or, with respect to the Indenture Guarantees, the Subsidiary Guarantors or against their property;

d.    any act to obtain possession of property of the Foreign Debtor's estate or, with respect to the Indenture Guarantees, the Subsidiary Guarantors or of property from the Foreign Debtor's estate or to exercise control over property of the Foreign Debtor's estate;

e.    any act to create, perfect, or enforce any lien against property of the Foreign Debtor's estate or, with respect to the Indenture Guarantees, the Subsidiary Guarantors' assets;

f.    any act to collect, assess, or recover a claim against the Foreign Debtor or, with respect to the Indenture Guarantees, the Subsidiary Guarantors; and

g.  transferring, relinquishing or disposing of any property of the Foreign Debtor to any entity other than the Foreign Representative and his authorized representatives and agents;

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; provided that the foregoing shall be subject to the provisions of Paragraph 7 below.

5.  All entities (as that term is defined in section 101(15) of the Bankruptcy Code), are hereby enjoined from seeking to enforce, including without limitation by commencing or continuing any action to enforce, the Indenture Guarantees against the Subsidiary Guarantors within the territorial jurisdiction of the United States; provided that the foregoing shall be subject to the provisions of Paragraph 7 below.

6.  The Court hereby recognizes and extends comity to that portion of the Enjoy Stay Order that prevents enforcement of any Indenture Guarantee against any Subsidiary Guarantor and that portion of the Enjoy Stay Order is hereby given full force and effect; provided that the foregoing shall be subject to the provisions of Paragraph 7 below.

7.  The injunctions and provisions of Paragraphs 3, 4, 5 and 6 above and the application thereof (including the automatic stay under section 362 of the Bankruptcy Code) (together the "Chapter 15 Stay"), (i) shall be effective solely within the territorial jurisdiction of the United States, (ii) shall not apply to any action pending or which may be commenced outside the territorial jurisdiction of the United States (including with respect to the Indenture Guarantees) against the Foreign Debtor or the Subsidiary Guarantors or with respect to their property and assets located outside the territorial jurisdiction of the United States, and (iii) shall not apply to any creditor located in the territorial jurisdiction of the United States, including (if applicable) the Indenture Trustee, the Collateral Agent and Noteholders and owners of beneficial interests in the Notes

(including custodians therefor), so long as such creditor is pursuing a claim, right or remedy as against the Foreign Debtor and/or Subsidiary Guarantors with respect to the property or assets of the Foreign Debtor and/or the Subsidiary Guarantors located outside of the territorial jurisdiction of the United States. For the avoidance of doubt, the Chapter 15 Stay does not apply to the assets of the Foreign Debtor or the Subsidiary Guarantors (including the Indenture Guarantees) that, as of the date hereof, were located outside the territorial jurisdiction of the United States and which the Foreign Debtor or the Subsidiary Guarantors might move into the United States after entry of this Order.

8.      The Foreign Representative is recognized as the "foreign representative" of the Foreign Debtor as defined in section 101(24) of the Bankruptcy Code in respect of the Foreign Proceeding.

9.      The Foreign Representative is entrusted with the administration and realization of all of the Foreign Debtor's assets located in the United States and is established as the exclusive authority to administer the Foreign Debtor's assets and affairs in the United States.

10.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.     No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Foreign Proceeding, the documents contemplated thereunder, this Order, the Chapter 15 Case, any further order for additional relief in the Chapter 15 Case, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded the Foreign Representative in his capacity as such under sections 306 or 1510 of the Bankruptcy Code.

12.     The Foreign Representative, the Foreign Debtor, and each of their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

13.     Notwithstanding Bankruptcy Rule 7062, made applicable to the Chapter 15 Case by Bankruptcy Rule 1018, this Order shall be immediately effective and enforceable upon its entry.

14.     This Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Case; and (iii) any request by an entity for relief from, or modifications to, the provisions of this Order, for cause shown as to any of the foregoing and provided that the same is properly commenced and within the jurisdiction of this Court.


Dated: New York, New York
        _____, 2020


                                        _____
                                        HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline of Revised Proposed Recognition Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| ENJOY S.A.[1] | |
| Debtor in a Foreign Proceeding. | Case No. 20-~~_____~~11411 (~~___~~MG) |

## ORDER RECOGNIZING FOREIGN PROCEEDING

Upon the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "***Verified Petition***")[2] and ~~, together with~~ the Chapter 15 Petition for Recognition of a Foreign Proceeding (Official Form 401) (the "***Petition***") ~~filed immediately prior thereto for the Foreign Debtor by Rodrigo C. Larrain and Esteban Rigo Righi, in their capacity as duly authorized foreign representatives (each a "*Foreign Representative*") of the Foreign Debtor,~~ in support of entry of an order pursuant to sections 1517(a) and 1521(a)(7) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***") (a) finding that (i) the Foreign Debtor is eligible to be a "debtor" under chapter 15 of the Bankruptcy Code, (ii) the Foreign Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code, (iii) ~~each~~ that Patricio Jamarne Banduc (the "***Foreign Representative***") satisfies the requirements of a "foreign representative" of the Foreign Debtor under section 101(24) of the Bankruptcy Code, and (iv) the Petition was properly filed and meets the requirements of section

---

[1]  The Foreign Debtor's Chilean tax identification number is 96.970.380-7.  The location of the Foreign Debtor's executive office is Av. Presidente Riesco 5711, 15th Floor, Borough of Las Condes, Santiago, Chile, Postal Code 7561114.

[2]  Capitalized terms used herein but not otherwise defined shall have the respective meanings ascribed to such terms in the Verified Petition.

1515 of the Bankruptcy Code, (b) granting recognition of the Foreign Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code and granting the relief under section 1520 of the Bankruptcy Code, and (c) (i) enforcing and granting comity to the Enjoy Stay Order in the United States and/or (ii) extending the automatic stay made applicable to the Foreign Debtor upon recognition pursuant to section 1520 of the Bankruptcy Code, in each case to prohibit any actions to collect or enforce on the Indenture Guarantees provided by the Subsidiary Guarantors; and upon the hearing (the "***Hearing***") on the Verified Petition and this Court's review and consideration of the Petition, the Verified Petition, the Larrain Declaration and, the Contador Declaration *and the Declaration of the Foreign Representative in Support of Recognition* [ECF No. 19]; and appropriate and timely notice of the filing of the Verified Petition and the Hearing having been given; and no other or further notice being necessary or required; and the Court having determined that the legal and factual bases set forth in the Verified Petition and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore,

      **IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

      A.    This Court has jurisdiction to consider the Petition and the Verified Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

---

[3] The findings and conclusions set forth herein and on the record of the Hearing to consider the Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

2

B.      The consideration of the Petition and the Verified Petition and the relief requested

therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.      Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D.      Good, sufficient, appropriate, and timely notice of the filing of the Petition and the

Verified Petition and the Hearing has been given by the Foreign ~~Representatives~~Representative,

pursuant to Bankruptcy Rules 1011(b) and 2002(q)~~and~~, the *Order Scheduling a Hearing on*

*Chapter 15 Petition for Recognition and Specifying the Form and Manner of Service of Notice*

[~~Dkt. No.      ~~ECF No. 6], and the *Notice of Adjournment of Hearing on Chapter 15 Petition for*

*Recognition* [ECF No. 14] to: (a) the United States Trustee for the Southern District of New

York, (b) the Foreign Debtor, (c) the parties authorized to administer the Foreign Proceeding as

set forth in the Petition, (d) all parties to any litigation in which the Foreign Debtor is a party and

that is pending in the United States as of the commencement of the Chapter 15 Case, (e) the

Indenture Trustee and the Proposed Successor Trustee, (f) counsel to the ad hoc group of

Noteholders, and (g) all parties that have filed a notice of appearance in the Chapter 15 Case.  In

light of the nature of the relief requested and prior orders of this Court, no other or further notice

is required.

E.      No objections or responses were filed that have not been overruled, withdrawn, or

otherwise resolved.

F.      The Foreign Debtor is "eligible" to be a debtor ~~in the Chapter 15 Case~~ pursuant to

sections 109 and 1501 of the Bankruptcy Code.

G.      The Foreign Proceeding is a "foreign proceeding" as such term is defined in

section 101(23) of the Bankruptcy Code.

H.    The Foreign Proceeding is pending in Chile, which is where the Foreign Debtor has its "center of main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code.  As such, the Foreign Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.    ~~Each~~The Foreign Representative is a "person" as such term is defined in section 101(41) of the Bankruptcy Code and has been duly appointed and designated as the "foreign representative" of the Foreign Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

J.    The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1509, and the Petition satisfies the requirements of section 1515 of the Bankruptcy Code and Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.

K.    The relief granted hereby is necessary to effectuate the purposes and ~~objections~~objectives of Chapter 15 and to protect the Foreign Debtor and its assets located in the United States and the interests of its creditors and other parties in interest~~.~~,.

L.    Appropriate notice of the filing of, and the Hearing on, the Petition and the Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

M.    The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to section 1507, 1517, 1520, and 1521 of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

4

1.      The Verified Petition and the relief requested in this Order are granted as set forth herein, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

2.      The Foreign Proceeding is recognized as a "foreign main proceeding" pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

3.      All relief and protections afforded foreign main proceedings under section 1520 of the Bankruptcy Code are hereby granted to the Foreign Proceeding, the Foreign Debtor and the Foreign Debtor's assets located in the United States, as applicable, including, without limitation, the application of the automatic stay under section 362 of the Bankruptcy Code to the Foreign Debtor and its property within the territorial jurisdiction of the United States; provided that the foregoing shall be subject to the provisions of Paragraph 7 below.

4.      All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign ~~Representatives~~Representative and ~~their~~his authorized representatives and agents, are hereby enjoined from:

> a.      execution against the Foreign Debtor's assets or, with respect to the Indenture Guarantees, the Subsidiary Guarantors' assets;
>
> b.      the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, bankruptcy, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Foreign Debtor or, with respect to the Indenture Guarantees, the Subsidiary Guarantors, which in either case in any way relates to, or would interfere with, the administration of the Foreign Debtor's estate in the Foreign Proceeding;
>
> c.      the enforcement of a judgment against the Foreign Debtor or, with respect to the Indenture Guarantees, the Subsidiary Guarantors or against their property;

    d.      any act to obtain possession of property of the Foreign Debtor's estate or, with respect to the Indenture Guarantees, the Subsidiary Guarantors or of property from the Foreign Debtor's estate or to exercise control over property of the Foreign Debtor's estate;

    e.      any act to create, perfect, or enforce any lien against property of the Foreign Debtor's estate or, with respect to the Indenture Guarantees, the Subsidiary Guarantors' assets;

    f.      any act to collect, assess, or recover a claim against the Foreign Debtor or, with respect to the Indenture Guarantees, the Subsidiary Guarantors; and

    g.      transferring, relinquishing or disposing of any property of the Foreign Debtor to any entity other than the Foreign ~~Representatives~~Representative and ~~their~~his authorized representatives and agents;

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; provided that the foregoing shall be subject to the provisions of Paragraph 7 below.

5.      All entities (as that term is defined in section 101(15) of the Bankruptcy Code), are hereby enjoined from seeking to enforce, including without limitation by commencing or continuing any action to enforce, the Indenture Guarantees against the Subsidiary Guarantors within the territorial jurisdiction of the United States; provided that the foregoing shall be subject to the provisions of Paragraph 7 below.

6.      The Court hereby recognizes and extends comity to that portion of the Enjoy Stay Order that prevents enforcement of any Indenture Guarantee against any Subsidiary Guarantor and that portion of the Enjoy Stay Order is hereby given full force and effect; provided that the foregoing shall be subject to the provisions of Paragraph 7 below.

7.      The injunctions and provisions of Paragraphs 3, 4, 5 and 6 above and the application thereof (including the automatic stay under section 362 of the Bankruptcy Code)

(together the "Chapter 15 Stay"), (i) shall be effective solely within the territorial jurisdiction of the United States, (ii) shall not apply to any action pending or which may be commenced outside the territorial jurisdiction of the United States (including with respect to the Indenture Guarantees) against the Foreign Debtor or the Subsidiary Guarantors or with respect to their property and assets located outside the territorial jurisdiction of the United States, and (iii) shall not apply to any creditor located in the territorial jurisdiction of the United States, including (if applicable) the Indenture Trustee, the Collateral Agent and Noteholders and owners of beneficial interests in the Notes (including custodians therefor), so long as such creditor is pursuing a claim, right or remedy as against the Foreign Debtor and/or Subsidiary Guarantors with respect to the property or assets of the Foreign Debtor and/or Subsidiary Guarantors located outside of the territorial jurisdiction of the United States.  For the avoidance of doubt, the Chapter 15 Stay does not apply to the assets of the Foreign Debtor or the Subsidiary Guarantors (including the Indenture Guarantees) that, as of the date hereof, were located outside the territorial jurisdiction of the United States and which the Foreign Debtor or the Subsidiary Guarantors might move into the United States after entry of this Order.

8.    7. EachThe Foreign Representative is recognized as the "foreign representative" of the Foreign Debtor as defined in section 101(24) of the Bankruptcy Code in respect of the Foreign Proceeding.

9.    8. The Foreign Representatives areRepresentative is entrusted with the administration and realization of all of the Foreign Debtor's assets located in the United States and is established as the exclusive authority to administer the Foreign Debtor's assets and affairs in the United States.

10.    ~~9. Each~~The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.    ~~10.~~No action taken by the Foreign ~~Representatives~~Representative in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Foreign Proceeding, the documents contemplated thereunder, this Order, the Chapter 15 Case, any further order for additional relief in the Chapter 15 Case, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded the Foreign ~~Representatives~~Representative in ~~their~~his capacity as such under sections 306 or 1510 of the Bankruptcy Code.

12.    ~~11.~~The Foreign ~~Representatives~~Representative, the Foreign Debtor, and each of their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

13.    ~~12.~~Notwithstanding Bankruptcy Rule 7062, made applicable to the Chapter 15 Case by Bankruptcy Rule 1018, this Order shall be immediately effective and enforceable upon its entry.

14.    ~~13.~~This Court shall retain jurisdiction with respect to:  (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Case; and (iii) any request by an entity for relief from, or modifications to, the provisions of this Order, for cause shown as to any of the foregoing and provided that the same is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
              _____, 2020

8

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE